**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMES CLAYTON MAY, ADC # 137749 PLAINTIFF

v. 5:15CV00348-KGB-JJV

KEVIN DEMON RIDGELL, Sergeant,
Delta Regional Unit DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I. INTRODUCTION

James Clayton May ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. He alleges his rights were violated when Defendant Kevin Ridgell used excessive force against him. (Doc. No. 2 at 2-4.) Now, Defendant Ridgell has motioned for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (Doc. No.12.) Plaintiff has not responded and the time for doing so has passed.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the

existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's allegations are governed by Administrative Directive 14-16. (Doc. No. 13-2.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id*. at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden, and then, if

desired, from the ADC Deputy Director. (*Id*. at 8-13.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 5-6.)

Defendant has provided the affidavit of Barbara Williams, ADC Grievance Supervisor, who states Plaintiff exhausted only one grievance[1] relevant to the September 8, 2015, use of force which forms the basis of this suit. (Doc. No. 13-1 ¶ 5.) That grievance – DR-15-00568 – was not fully exhausted until November 16, 2015 – two weeks after Plaintiff began this action.[2] (*Id*. ¶ 6.) Plaintiff has not offered any argument or evidence to the contrary. Accordingly, I find he has failed to exhaust his administrative remedies and this action should be dismissed.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgement (Doc. No. 12) be GRANTED and the Complaint (Doc. No. 2) be DISMISSED without prejudice due to Plaintiff's failure to exhaust administrative remedies.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 5th day of January, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]Ms. Williams states that Plaintiff also filed a second grievance on this incident - DR-15-00573 - but this grievance was never fully exhausted. (Doc. No. 13-1 ¶ 7.)

[2]Plaintiff began this action on November 2, 2015. (Doc. No. 2.)